[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 47, and the defendant wife, 41, married on November 24, 1982 in New York. The complaint for dissolution is dated June 8, 1993, the parties having separated during March, 1993. This marriage was the plaintiff's first. The defendant had been previously married and was the custodial parent of two children issue of her earlier marriage. The parties have one child, Sara, born February 4, 1989.
At the time of this marriage the plaintiff owned a three bedroom co-op that had been purchased in 1976. He also had a portfolio of stocks and bonds which he testified had a fair market value of $40,000.00, an automobile free of lien, and cash both in the bank and in a money market account. The defendant brought her two children and a used car to this marriage.
The defendant had been a school teacher for over three years during her first marriage. No child support was paid to the defendant during this marriage to the plaintiff, although the defendant had attempted to enforce the support order at one time.
The defendant has been teaching in the Darien school system CT Page 3952 since 1983, earning $41,132.00, currently in the eleventh step of twelve steps. The defendant furnishes the health insurance coverage for the family for which she pays $92.65 monthly via payroll deduction. Her net disposable income, after adding back the voluntary tax sheltered annuity deduction of $54.17 is $2,650.00 monthly. The three children attend Darien schools although the defendant resides in Stamford. The defendant teaches four days weekly and is compensated at 80% of full time teaching salary. She has been attempting to acquire full time status for several years.
Since 1976 the plaintiff had been employed by Economics Lab, White Plains, New York, earning about $26,000.00 annually. When the company relocated to the midwest in 1986, the plaintiff left its employ and began employment with Pilot Pen Corporation in June, 1986 at an annual salary of $35,000.00. The plaintiff's salary advanced to about $48,000.00 annually in June, 1990 when he was separated in a downsizing. After receiving severance pay through September, 1990, and a period of unemployment, the plaintiff became sales manager for "Career Pro", a resume production company, earning $6,000.00 in 1991. At year-end the company closed. The plaintiff also collected unemployment during 1991 as well as drawing from an I.R.A. account for living expenses.
In March, 1992 the plaintiff began working for Digital Imaging in Trumbull as a computer operator, earning $11,424.00. He also collected unemployment totaling $5,914.00 in 1992. The plaintiff has had temporary jobs more recently, but at the time of trial in December 1, 1994, the plaintiff was unemployed. Both parties are in good health.
In order to buy a house in 1985 for $239,000.00, the defendant collected the following loans from members of her family: $20,000.00 from Ludwig H. Stein and Anita E. Stein evidenced by a promissory note dated July 15, 1985 (Plaintiff's Exhibit #4), $10,000.00 from Lee Sander evidenced by a promissory note dated July 31, 1985 (Plaintiff's Exhibit #5), and $20,000.00 received from her parents. The notes were signed by both parties. These loans and gift enabled the defendant to bring $60,000.00 to the closing (Plaintiff's Exhibit #7.) The defendant testified that an additional $35,000 was from joint funds. The plaintiff contributed $97,000.00 proceeds from the sale of his co-op and $22,000.00 from separate funds, (Plaintiff's Exhibit #17), and denied that any joint funds were CT Page 3953 used. In any event, the parties estimated the mortgage needed was about $45,000.00, since the plaintiff also borrowed $15,000.00 from his parents.
The mortgage was refinanced in 1990 at which time the mortgage principal was reduced by $4,000.00. In 1992, the title was placed in the defendant's name solely, since the plaintiff was contemplating self employment in the future. The defendant estimates present fair market value to be $249,000.00. Although the plaintiff's affidavit claims an interest, he has no interest of record, no other evidence of value was submitted to the court and the court accepts the defendant's estimate. The present mortgage is $37,000.00 and the present equity is $212,000.00. After the purchase of the marital home, known as 72 Nottingham Drive, Stamford, the parties repaid $7,000.00 to the defendant's relatives to be applied to their loans, (cf. Defendant's Exhibit K).
Plaintiff purchased a 1992 Dodge Caravan for $16,330 (Plaintiff's Exhibit #16), which is presently registered to and operated by the defendant who values it at $8,000.00 on her affidavit. The plaintiff owns and operates a 1986 Chevrolet he values at $1,000.00.
The plaintiff has $7,700.00 in bank accounts, $1,400.00 of stock and IRA's totaling $43,000.00. The defendant lists a checking account averaging $1,500.00, savings accounts totaling $2,370.00, a credit union balance of $2,100.00 and deferred compensation in a T.S.A. and an IRA of $6,832.00. The defendant has contributed $28,000.00 to the teachers' retirement system which is mandatory and in lieu of Social Security.
The causes of the breakdown can only be inferred by the court. Primarily, the parties never had agreed upon a master plan for handling finances resulting in much friction. The plaintiff had substantial assets at the time of the marriage and the defendant had none. The court also infers that the plaintiff's employment losses proved difficult for the defendant to accept. The plaintiff vacated the marital home on March 7, 1993. The defendant has been carrying the expenses of the home. On October 8, 1993 the plaintiff was ordered to pay $82.00 weekly child support when the plaintiff was employed earning $325.00 net disposable weekly income.
Having reviewed the evidence in light of the statutory CT Page 3954 criteria, the court enters the following judgment.
1. A decree is entered on the amended complaint dissolving the parties' marriage on the ground of irretrievable breakdown. The cross-complaint is dismissed as now moot.
2. Custody of the parties' minor child and visitation with her are ordered as set out in the parties' stipulation dated December 14, 1994 and filed with this court on December 16, 1994.
3. Child support shall be paid by plaintiff to defendant in the weekly amount of $42.00.[1] A wage withholding order is entered.
4. The defendant shall continue to provide medical coverage for the minor child through her employment. The parties shall divide uninsured bill balances incurred for the child, subject to the minimum self-support reserve.
5. The plaintiff shall maintain the $50,000.00 Aetna life insurance policy for the benefit of his daughter at least until her majority or until age 19 if she is still a full time high school student. The plaintiff shall name Linda Yoffe as trustee and arrange for her to receive any notices of non-payment of premiums, or notice of cancellation.
6. The defendant shall maintain $50,000.00 principal amount of life insurance on her life for the benefit of the parties' daughter until her majority or until age 19 if she is still a full time high school student. The defendant shall name Michael Yoffe as trustee and arrange for him to receive any notices of non-payment of premiums or notice of cancellation.
7. The defendant shall retain the ownership of 72 Nottingham Drive, Stamford, Connecticut. She shall execute a mortgage note and mortgage deed in the amount of $100,000.00 subject to the present first mortgage, but callable upon any transfer of title, with 6% simple interest, all payable on July 1, 2002. The terms of the note and deed are to contain the usual covenants found in bank residential mortgages. Counsel for the plaintiff shall draft the documents.
8. Each party shall pay 50% of the bill balance due attorney Judith Ellenthal who served as court appointed guardian ad litem for Sara. The total amount of the bill dated December 1, 1994 is CT Page 3955 $3,712.50. Arrangements for payment shall be made by May 1, 1995 and payment shall be completed by June 30, 1995.
9. All tangible items presently in the possession of the plaintiff shall be his sole property. In addition, he is awarded ownership of the following, all in the present "as is" condition:
 a. Binoculars b. Brass Menorah c. Brass teapot, stand and warmer in stand, c. 1880 d. Captain's chair, wood e. Collection of brass multi-armed candlesticks f. Decorative heavy brass tray table, with wood stand g. Wood drafting board h. Floor standing brass candle holder i. Kron bar, 5 feet long beveled, stamped WPA j. Large white pottery teapot k. Limoges bowl, antique, large l. New whetstone, in box m. Raleigh 10 speed bicycle, red, and owner's manual n. Sanitaire, upright vacuum cleaner o. Sears Craftsman circular saw p. Sears Craftsman router q. Sears Craftsman sander r. Wrought iron floor standing candle holder s. Figurine, porcelain clown t. Framed photograph: infant Sara u. Wall sculpture, welded metal, 1 windmill
10. The defendant shall retain the 1992 Dodge Caravan as her sole property.
11. The parties shall each retain their respective bank accounts, IRA's and pensions as their sole property.
12. The plaintiff shall be solely responsible for the debts listed on his financial affidavit.
13. The defendant shall be solely responsible for the debts listed on her financial affidavit and the defendant shall hold the plaintiff harmless and indemnified for any claim made by the holders of the notes, copies of same being marked Plaintiff's Exhibits #4 and #5.
14. No alimony is awarded. CT Page 3956
15. No counsel fees are ordered.
Counsel for the plaintiff is directed to prepare the judgment file within 21 days of date hereof.
HARRIGAN, J.